UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-199-TBR

KRISTINA GRACE and
RALPH GRACE                                                                                    PLAINTIFFS

and

ANTHEM HEALTH PLANS OF
KENTUCKY D/B/A ANTHEM BLUE
CROSS AND BLUE SHILD                                                            INTERVENING PLAINTIFF

v.

ROSS DRESS FOR LESS, INC. and
ROSS STORES, INC.,                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiffs' Motion to Strike Defendant's Ninth Defense. [DN 6.] Defendants have responded [DN 11] and Plaintiffs have replied. [DN 14.] As such, this matter is ripe for adjudication. For the reasons that follow, Plaintiffs' Motion to Strike Defendants' Ninth Defense is **GRANTED**.

**I. Background**

On November 27, 2019, Plaintiffs filed suit in Christian County Circuit Court on the basis of premises liability and loss of consortium. Defendants removed to this Court on December 19, 2019. In Defendants' answer, one of the affirmative defenses is:

> The Defendants provisionally plead as affirmative defenses those defenses of FRCP 8(c) and 12(b) as if fully restated herein, said defenses applicability to be determined during discovery and Defendants reserve the right to assert additional defenses, whether affirmative or otherwise about which they presently lack sufficient knowledge or information but which may become available during the course of this litigation through discovery and other means.

Plaintiffs argue this defense is insufficient and fails to give notice.

## II. Legal Standard

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike portions of the pleading acting on its own initiative or "on a motion made by a party . . . before responding to the pleading." *Id.* The Sixth Circuit has cautioned against motions to strike however, calling them "a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id*. Such precedent has led to the general discouragement of these motions. *E.g., Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002); *Thompson v. Hartford Life & Acc. Ins. Co*., 270 F.R.D. 277, 279 (W.D. Ky. 2010); *Smith v. Rees*, No. 5:07-CV-P180-R, 2009 U.S. Dist. LEXIS 22215, 2009 WL 723203, at *1 (W.D. Ky. Mar. 18, 2009).

## III. Discussion

Defendants argue this defense has given Plaintiffs the requisite notice of the defense it intends to use. Defendants further argue fact discovery should be completed before striking this defense. However, the Court finds this defense should be stricken.

Defendants cite *Lawrence v. Chabot,* 182 Fed. Appx. 442 (6th Cir. 2006) in support of their argument. In *Lawrence,* that Court held a "bare one-liner" was sufficient to give the plaintiff notice of the defense. *Lawrence,* 182 Fed. Appx. at 456. Defendants in that case plainly stated they were entitled to qualified immunity. The Court found that statement gave plaintiff notice of the legal basis of their defense. Here, Defendants have not listed a legal theory as a defense. Defendants incorporate all defenses listed in the Federal Rules of Civil Procedure. This Court finds that it is unlikely that all possible defenses apply in this case and discovery regarding all listed defenses

would be unnecessary. *See Vision Real Estate Investment Corp. v. Metropolitan Government of Nashville & Davidson County,* 2020 WL 58620, at *3 (M.D. Tenn. Jan. 6, 2020) ("It is highly improbable that all twenty-five defenses available under the federal rules apply to the plaintiffs' state-law claims for breach of contract and related wrongs…and requiring Plaintiffs to address MDHA's blanket assertion of every available affirmative defense whether applicable or not would surely impose unnecessary litigations costs".) Defendants are not required to plead a defense with specificity but must give proper notice of the intended defense. Therefore, this defense should be stricken.

Defendants argue, in the alternative, if the Court finds this defense to be defective, they should be granted leave to amend their defenses. The Court finds, in accordance with FRCP 15(a)(2), justice requires allowing Defendants to amend their Answer.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Defendants' Ninth Defense [DN 6] is **GRANTED**. Defendants may file an amended answer within twenty-one (21) days.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 10, 2020

cc: counsel